UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN DANTREL MERIDY,

        Petitioner,                Case Number: 2:08-CV-15249

v.                                            HON. DENISE PAGE HOOD

KENNETH ROMANOWSKI,

        Respondent.
                                      /

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE**

      Petitioner Edwin Daniel Meridy filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is a state inmate currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, challenges his convictions for second-degree murder, felon in possession of a firearm, and felony firearm. Now before the court is Petitioner's "Motion to Hold in Abeyance Habeas Petition and Administratively Closing Case." For the reasons stated, the Court will grant the motion and administratively close the matter.

**I.**

      Following a jury trial in Berrien County Circuit Court, Petitioner was convicted as set forth above. He was sentenced to 35 to 75 years in prison for the second-degree murder conviction, 3 to 10 years for the felon in possession conviction, and 2 years for

the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims: (i) insufficient evidence; (ii) verdict against the great weight of the evidence; (iii) trial court errors denied Petitioner a fair trial; (iv) prosecutorial misconduct; (v) ineffective assistance of trial counsel; and (vi) newly discovered evidence warrants a new trial. Petitioner presented a *pro per* supplemental brief raising these additional claims: (i) ineffective assistance of trial and appellate counsel; (ii) prosecutorial misconduct; (iii) lack of credible evidence to support the testimony of Mr. Bowman or Mr. Hall; (iv) inaccurate information relied on in sentencing; and (v) *Blakely* violation. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Meridy*, No. 262371 (Mich. Ct. App. May 15, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Meridy*, 481 Mich. 876 (Mich. May 27, 2008).

Petitioner then filed a habeas corpus petition. He raises these claims:

I.  Failure of the state courts to vacate the defendant's convictions based upon ineffective assistance of counsel and rampant prosecutorial misconduct failed to follow various established Supreme Court precedents in *Strickland*, *Brecht*, *Chapman* and other decisions and was an unreasonable application of clearly established Supreme Court precedent.

II. The trial judge unreasonably denied the defendant due process of law by failing to provide compulsory process for his most critical witness at a hearing for new trial that would have established grave doubt as to whether

the jury would have convicted the defendant for murder had it known of the testimony of Porter and Nelums and the recanted testimony of Bridgman.

Now before the Court is Petitioner's Motion to Hold in Abeyance Habeas Petition and Administratively Closing Case.

## II.

Petitioner has filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to raise additional claims which have not been exhausted with the state courts.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that, while all of the claims presented in his habeas corpus petition have been exhausted, he would like the petition stayed while he returns to state court to exhaust five additional claims in state court. A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In this case, the outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this Court due to the expiration of

3

the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). Staying a habeas corpus proceeding is appropriate where, as here, the original petition was timely filed, but a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). The Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

Petitioner states that his unexhausted claims were not presented in state court because they are newly discovered. The Court finds that Petitioner has asserted good cause for failing previously to present these claims. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the

petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion to Hold in Abeyance Habeas Petition and Administratively Closing Case" [dkt. #12] is **GRANTED**. Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Evidentiary Hearing and Motion for Discovery" [dkt. # 11] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                                               s/Denise Page Hood
                                               Denise Page Hood
                                               UNITED STATES DISTRICT JUDGE

Dated: March 4, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 4, 2011, by electronic and/or ordinary mail.

                                               s/LaShawn R. Saulsberry
                                               Relief Case Manager, (313) 234-5165