**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EDWIN DANTREL MERIDY,

              Petitioner,              Case Number: 2:08-CV-15249

v.                                   HON. DENISE PAGE HOOD

NICK J. LUDWICK,

              Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND GRANTING PETITIONER'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Edwin Dantrel Meridy filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenged his convictions for second-degree murder, felon in possession of a firearm, and felony firearm. On July 31, 2017, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus and Denying Certificate of Appealability. This matter is before the Court on Petitioner's Motion to Reconsider Denial of a Certificate of Appealability (Doc. No. 35) and Application for Leave to Proceed *In Forma Pauperis* on Appeal (Doc. No. 34).

A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. L.R. 7.1(h); *Streater v. Cox,* 336 Fed. App'x 470, 477 (6th

Cir. 2009). The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. E.D. Mich. L.R. 7.1(h). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). To warrant a grant of a certificate of appealability, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner's motion raises the same issues already ruled upon by the Court, either expressly or by reasonable implication. Petitioner has not shown that the Court's denial of a certificate of appealability was based upon a palpable defect. Petitioner is not entitled to reconsideration of the Court's order declining to issue a certificate of appealability.

Also before the Court is Petitioner's Application for Leave to Proceed *In Forma Pauperis* on Appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]o determine that an appeal is in good faith, a court need only

find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). While the Court held that jurists of reason would not find the Court's decision that the petition was meritless to be debatable or wrong, the Court finds that an appeal may be taken in good faith.

Accordingly, IT IS ORDERED that Petitioner's Motion to Reconsider the District Court's Denial of a Certificate of Appealability (Doc. No. 35) is DENIED and Petitioner's Application for Leave to Proceed *In Forma Pauperis* On Appeal (Doc. No. 34) is GRANTED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: March 20, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 20, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager